UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TYRONE BENTLEY,

            Petitioner,

v.

                                            9:18-CV-1025
                                            (MAD/CFH)

VERONICA FERNANDEZ,

            Respondent.

---

APPEARANCES:                                               OF COUNSEL:

TYRONE BENTLEY
54402-066
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner Tyrone Bentley filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as well as a memorandum of law. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Memorandum of Law ("P. Mem."). He is confined at the Federal Correctional Institution ("FCI") in Ray Brook, New York, and has paid the statutory filing fee. Dkt. No. 3, Text Order dated 09/10/18; Dkt. Entry dated 09/10/18 (indicating receipt number for the paid filing fee).

**II.    RELEVANT BACKGROUND**

On January 6, 2012, petitioner was convicted by a jury, in the United States District Court for the Eastern District of Pennsylvania ("the Eastern District Court"), of conspiracy to

commit armed bank robbery in violation of 18 U.S.C. § 371, armed bank robbery and aiding and abetting in violation of 18 U.S.C. § 2113(d), and using a firearm during a crime of violence and aiding and abetting in violation of 18 U.S.C. § 924(c)(1). Pet. at 2; *see also United States v. Bentley*, No. 2:10-CR-0525, Dkt. No. 107 at 1, Judgment ("J."); *United States v. Bentley*, 528 F. App'x 247, 248 (3rd Cir. 2013) (hereinafter *"Bentley I"*); *United States v. Bentley*, Nos. 2:10-CR-0525, 2:14-CV-4878, 2015 WL 12743602, at *1 (E.D. Pa. June 10, 2015) (hereinafter *"Bentley II"*).[1] On August 22, 2012, petitioner was sentenced to 408 months in prison. *United States v. Bentley,* No. 2:10-CR-0525, J. at 2-6; *Bentley II*, 2015 WL 12743602, at *1. Petitioner appealed, and the United States Court of Appeals for the Third Circuit affirmed the judgment of conviction. *United States v. Bentley*, No. 2:10-CR-0525, Dkt. Nos. 108, Notice of Appeal; 110, Mandate; *see also Bentley I*, 528 F. App'x at 248, 252.

On August 20, 2014, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in which he argued that (1) "the trial evidence [did not] support his conspiracy conviction;" (2) the imposed sentence "violated *Alleyne v. U[nited States]* and the Double Jeopardy Clause;" (3) the trial court's "jury instructions on aiding and abetting the § 924(c) offense were erroneous under *United States v. Rosemond*[2] . . . [which held] that to convict . . . under an aiding and abetting theory, a defendant must have, *inter*

---

[1] Citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] In *Rosemond*, the Supreme Court held that, in order for a defendant to be guilty for aiding and abetting armed robbery pursuant to § 924(c), the
> defendant's knowledge of [the principle's use] of a firearm must be advance knowledge . . . When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, withdraw from the enterprise: it is deciding instead to go ahead with his role . . . that shows his intent to aide in an *armed* offense.

*Rosemond v. United States*, 572 U.S. 65, 78 (2014). Accordingly, the "jury instructions should convey . . . that the defendant has chosen, with full knowledge, to participate in the illegal scheme . . . . " *Id.* at 79.

2

*alia*, 'advance knowledge' that his accomplice would use a gun during the crime of violence;" (4) the jury's verdict cannot stand under *Rosemond*; (5) there was a defective indictment "because it did not describe how [petitioner] aided and abetted the § 924(c) offense;" (6) the trial court erred in constructively amending the indictment via incorrect jury instructions; and (7) the government also constructively amended the indictment via its closing arguments. *United States v. Bentley*, No. 2:10-CR-0525, Dkt. No. 129 at 2-9, Order dated June 10, 2015; *accord Bentley II*, 2015 WL 12743602, at \*1-\*4. On June 10, 2015, the Eastern District Court dismissed petitioner's motion. *United States v. Bentley*, No. 2:10-CR-0525, Order dated June 10, 2015 at 10; *accord Bentley II*, 2015 WL 12743602, at \*4. With regard to petitioner's contentions that *Rosemond* required his convictions be vacated, the Eastern District Court held that "[b]ecause *Rosemond* . . . does not apply retroactively to cases on collateral review," petitioner's arguments were unavailing. *United States v. Bentley*, No. 2:10-CR-0525, Order dated June 10, 2015 at 4-5*; Bentley II*, 2015 WL 12743602, at \*4.

Petitioner unsuccessfully sought reconsideration of the court's aforementioned order. *United States v. Bentley*, No. 2:10-CR-0525, Dkt. Nos. 131, 136, 137. Petitioner also sought to appeal, and the Third Circuit denied petitioner's request for a certificate of appealability and dismissed the appeal. *Id.,* No. 2:10-CR-0525, Dkt. Nos. 133, Appeal; 134, Clerk's Notice; 138, Mandate. Specifically, with respect to petitioner's arguments surrounding *Rosemond*, the Third Circuit noted that such reliance "to invalidate [petitioner's] aiding and

abetting conviction [is missplaced because] *Rosemond* did not announce a new rule of law that applies retroactively to cases on collateral review." *Id.*, No. 2:10-CR-0525, Mandate at 1-2.

On June 23, 2016, petitioner filed a second motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 in which he argued that, in light of the Supreme Court cases *Johnson v. United States* and *Welch v. United States,* petitioner's conviction under § 924(c) must be vacated and his sentence adjusted accordingly. *United States v. Bentley*, No. 2:10-CR-0525, Dkt. No. 141. On July 11, 2018, the Eastern District Court dismissed petitioner's motion as it was a successive petition over which the court had no jurisdiction. *Id.*, No. 2:10-CR-0525, Dkt. No. 147 at 1, Order dated 07/11/18.

### III. THE PRESENT PETITION

In his present petition and memorandum of law, petitioner is again plainly challenging his underlying conviction and sentence. Petitioner contends that he is entitled to relief because, pursuant to the Supreme Court's decision in *Rosemond*, "the trial court's jury instructions were erroneous because they failed to require that [petitioner] knew in advance that his alleged cohort would be armed," and as a result "the jury was not required to find all the elements required in making a finding of guilt as to 18 U.S.C. § 924(c)." P. Mem. at 10, 11-12.

Petitioner argues that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his conviction because petitioner "ha[s] previously filed a § 2255 [and a]t this point, [petitioner's] argument is actual innocence, and that can be heard in 2241 under the Savings Clause." Pet. at 4.

4

## IV. DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence "on the grounds that it was 'imposed in violation of the Constitution.'" *Morales v. United States*, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. § 2255(a)); *Adams*, 372 F.3d at 134. A motion pursuant to section 2255 must be brought in the sentencing court. *See Boumediene v. Bush*, 553 U.S. 723, 775 (2008) (holding that section 2255 directs claims challenging a federal sentence on the ground that it was imposed in violation of the Constitution or laws of the United States "not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case."); *Williams v. Winn*, No. 4:05-CV- 4010, 2005 WL 1541099, at *1 (D. Mass. June 30, 2005) ("[As] Section 2255 is the correct vehicle for challenging the legality of a sentence . . . this Court is without jurisdiction under section 2241 to correct petitioner's sentence."). If the motion is denied, a petitioner may seek to appeal the district court's decision in the appropriate court of appeals for the district of sentencing. Rule 11, Rules Governing Section 2255 Proceedings For the United States District Courts); Fed. R. App. P. 4(a) (governing time to take an appeal); Fed. R. App. P. 22 (governing appeals in "Habeas Corpus and Section 2255 Proceedings.").

By contrast, section 2241 is the proper vehicle to challenge the execution of a sentence. *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241. For example, a petitioner may use a section 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions. *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d

5

Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Petitions filed under section 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement. 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 447 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his or her conviction under section 2241 if he or she can show that the remedy under section 2255 is "inadequate or ineffective to test the legality of his [or her] detention." 28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361, 373-74 (2d Cir. 1997). The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). Section 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [his] claim[s] of innocence at an earlier time.'" *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363); *see Adams*, 372 F.3d at 135 (holding that the remedy under section 2255 is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition") (emphasis in original); *Triestman*, 124 F.3d at 376 ("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that

§ 2255 is 'inadequate or ineffective,' . . . then Congress would have accomplished nothing at all in its attempts–through statutes like the AEDPA–to place limits on federal collateral review.").

While petitioner has acknowledged filing a prior section 2255 and claims to comprehend how the Savings Clause works (and how his present petition falls within it), the substance of petitioner's present argument is identical to what he first filed in his original section 2255.[3] Said in simpler terms, while this proceeding is allegedly brought pursuant to section 2241, it is actually a section 2255 petition in disguise. As noted above, petitioner has already filed two section 2255 motions, the first of which the Eastern District Court rejected and dismissed after considering the merits. *United States v. Bentley*, No. 2:10-CR-0525, Order dated June 10, 2015 at 10; *accord Bentley II*, 2015 WL 12743602, at *4. As a result, this petition is second or successive.[4] When a petitioner files a section 2241 petition

> in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits . . . the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the appropriate Court of Appeals] for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the

---

[3] Petitioner failed to mention his unsuccessful attempts at directly appealing his conviction, appealing in his first section 2254 petition, or filing his second section 2254 petition. Pet. at 2-6.

[4] Ordinarily, when a district court recharacterizes a pro se petitioner's filing "as a first § 2255 motion[,]" the court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003). The notice requirements do not apply to federal prisoners, like petitioner, who had one or more prior section 2255 motions dismissed on the merits because petitioner is already subject to the gate keeping provisions that require certification from the appropriate court of appeals before any second or successive motion may be considered by the district court. *Adams*, 372 F.3d at 136; *Roccisano v. Menifee*, 293 F.3d 51, 58 (2d Cir. 2002).

7

>     district court may dismiss the § 2241 petition for lack of
>     jurisdiction.

*Adams*, 372 F.3d at 136 (citations omitted); *see also Cephas*, 328 F.3d at 104 n.5 ("[I]f it concludes that it lacks jurisdiction over a § 2241 petition, a district court always has the option just to dismiss it.").

In this case, the Court concludes that petitioner may not test the validity of his conviction or sentence to pursuant to section 2241. In his petition, petitioner asserts that a section 2255 petition was already filed, but that the arguments for actual innocence that he is now alleging were unavailable to him at the time he initially filed his section 2255 petition given a change in the law. Pet. at 5; P. Mem. at 10. Specifically, the Supreme Court clarified an aspect of accessorial liability, requiring that a person who aids and abets an armed bank robber must know that the principle will be armed in advance. P. Mem. at 10-11. Petitioner argues that was not the rule which was provided to the jury; therefore, the jury could not find, nor was the prosecution required to prove, every element of that crime. *Id.* at 11-12. This, petitioner argues, violates due process and renders his conviction and sentence unconstitutional. *Id.* at 12-13. For the following reasons, petitioner's arguments are unavailing.

To the extent that petitioner argues that his actual innocence claim, based on *Rosemond,* was previously unavailable to him during his prior section 2255 petitions, such arguments are patently untrue. Petitioner filed his first section 2255 petition in August of 2015, well over a year after *Rosemond* was decided. *Rosemond*, 572 U.S. 65 (2014). Accordingly, the Supreme Court case was not decided during or even after the petition.

Moreover, petitioner knew about the holding and made the exact same argument he is presently making to this Court previously to the Eastern District Court and the Third Circuit in his first section 2254 petition; the argument was rejected by both courts on the merits. *Compare United States v. Bentley*, No. 2:10-CR-0525, Order dated June 10, 2015 at 4-5*; Bentley II*, 2015 WL 12743602, at *4 (denying petitioner's argument that the trial court's "jury instructions on aiding and abetting the § 924(c) offense were erroneous under *United States v. Rosemond* . . . [which held] that to convict . . . under an aiding and abetting theory, a defendant must have, *inter alia*, 'advance knowledge' that his accomplice would use a gun during the crime of violence," because "*Rosemond* . . . does not apply retroactively to cases on collateral review.") *with* P. Mem. at 10, 11-12 (arguing that pursuant to *Rosemond*, "the trial court's jury instructions were erroneous because they failed to require that [petitioner] knew in advance that his alleged cohort would be armed," and as a result "the jury was not required to find all the elements required in making a finding of guilt as to 18 U.S.C. § 924(c)."). Therefore, the argument was not only plainly available to petitioner during the course of his first section 2255 petition, he actually made the exact same argument. Accordingly, the Savings Clause is clearly inapplicable. *See Adams*, 372 F.3d at 135 (denying entitlement to § 2241 where petitioner not only could have raised some of his arguments in prior proceedings, but actually did raise them); *see also Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363).

Further, petitioner's present argument remained available during the time petitioner filed his second section 2254, he just failed to raise it. That omission does not now make this a novel issue. *See Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003) ("'[S]erious constitutional questions' are not raised when AEDPA prevents a prisoner from raising a claim that he or she

9

could have raised on direct review or in an earlier section 2255 motion."); *Cephas*, 328 F.3d at 105 ("But where, as in Cephas's case, petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.").

To the extent that petitioner may be understood to request review of the Eastern District Court's or the Third Circuit's determination about the retroactive applicability of *Rosemond,* his request must be denied. This Court lacks jurisdiction to review or reverse the decision of a sister district or circuit court.

In sum, the Court lacks jurisdiction to entertain petitioner's section 2241 petition because he is not challenging the execution of his sentence and he has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention. *Cephas*, 328 F.3d at 104; *Triestman*, 124 F.3d at 363, 378. Accordingly, the petition is dismissed for lack of jurisdiction.[5]

## V.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction; and it is further

---

[5] For the reasons discussed herein, transferring this action to the Third Circuit would be a permissible disposition; however, the Court declines to transfer the case to the Third Circuit because the petition plainly does not meet the requirements imposed by 28 U.S.C. § 2255(h) for filling a second or successive section 2255 petition. 28 U.S.C. § 2255(h)(1)-(2) (requiring that a "second or successive motion" be certified by the appropriate court of appeals to contain either "newly discovered evidence . . . sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Petitioner's claim of actual innocence based on *Rosemond* was known to him in 2014 when he filed his first section 2255 petition. Further, it was raised in that petition and subsequent appeal, and it was rejected, on the merits, by both courts. For the reasons stated above, the Court therefore concludes that dismissal of the petition is appropriate.

**ORDERED** that the Clerk serve a copy of this Decision and Order upon petitioner in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: October 5, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge